JOHN WEISBROD ET AL. v. LEONA LIECHTY.

Decided May 21, 1925.

**Negligence—Motor Vehicle Collision With Abutment of Bridge to Avoid Another Collision—Jury Held That Lack of Reasonable Care was Not Justified and It Does Not Appear That This Conclusion was in Disregard of the Testimony.**

On plaintiff's rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and KATZENBACH.

For the rule, *Aaron L. Simon.*

*Contra, James H. Bolitho.*

PER CURIAM.

This is an action for personal injuries, brought by the several plaintiffs against the defendant. The injuries were the result of an accident which occurred while the defendant was driving an automobile which belonged to her father, and in which the plaintiffs were riding at her invitation. The several parties to the suit all resided in Clifton, and the primary purpose of the ride was to visit Seton Hall College during the commencement exercises of the graduation class. They did this, and after the exercises were over the parties concluded to extend the ride for pleasure purposes. They went from South Orange to Madison, and then proceeded from that town toward Lake Hopatcong, but, finding the road out of repair, decided to visit Butler instead. When they reached Denville, on their way to Butler, they took a road which paralleled the railway of the Lackawanna Railroad Company, and with which the defendant was not familiar. As they approached Towaco the road ascended a

hill, and when the defendant reached the top of the incline she discovered that there was a declivity in the road which, if she proceeded straight ahead, would probably result in the automobile going down over the railroad embankment. On the impulse of the moment, to avoid this sudden danger, she swerved sharply to the right and collided with the abutment of a bridge. The jury found that, under the circumstances which have been related, the charge of the plaintiffs that the defendant had been guilty of lack of reasonable care was not justified by the preponderance of the evidence. We cannot say that this conclusion was in disregard of the testimony submitted for their consideration.

As the only ground upon which we are asked to set the verdict aside is that it is against the clear weight of the evidence, we conclude that the rule to show cause should be discharged.